IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL E. BARGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-3255 |
| | ) |
| JB PRITZKER, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION**

This matter is before the Court on Defendants JB Pritzker's, in his capacity as Governor; Emanuel "Chris" Welch's, in his capacity as Speaker of the Illinois House of Representatives; Don Harmon's, in his capacity as President of the Illinois Senate; and Kwame Raoul's, in his capacity as Attorney General, ("Defendants") Motion to Dismiss. See d/e 16. For the following reasons, the Motion (d/e 16) is GRANTED. Plaintiff's Complaint (d/e 1) is DISMISSED WITH PREJUDICE in its entirety for lack of subject matter jurisdiction.

**I.    BACKGROUND**

On November 28, 28, 2022, Plaintiff Michael E. Bargo ("Plaintiff") filed a pro se Complaint against JB Pritzker, in his official capacity as Governor; Emanuel "Chris" Welch, in his official

capacity as Speaker of the Illinois House of Representatives; Don Harmon, in his official capacity as President of the Illinois Senate; and Kwame Raoul, in his official capacity as Attorney General ("Defendants"). Plaintiff alleges that the Illinois Reproductive Health Act (775 ILCS 55/1-15) denies him his Fourteenth Amendment right to equal protection and due process. See d/e 1, p. 2.

On December 22, 2023, Defendants moved to dismiss all Counts for lack of federal question subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to plausibly state a claim for relief upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). See d/e 16. On January 9, 2024, Plaintiff filed his Response. See d/e 18.

## II.   LEGAL STANDARD

Defendants have moved to dismiss Plaintiff's pro se Complaint under both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). "When a motion to dismiss is based on a lack of

subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b)(6) defenses, the court should consider the Rule 12(b)(1) challenge first." Rizzi v. Calumet City, 11 F. Supp. 2d 994, 995 (N.D. Ill. 1998) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)). If the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction, the accompanying Rule 12(b)(6) defenses become moot and need not be addressed. Id.

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003). The plaintiff bears the burden of proving the jurisdictional requirements have been met. Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th Cir. 2014). "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Alicea-Hernandez, 320 F.3d at 701.

On the other hand, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. <u>Christensen v. Cty. of Boone</u>, 483 F.3d 454, 458 (7th Cir. 2007). A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief" that puts the defendant on notice of the allegations. <u>Higgs v. Carver</u>, 286 F.3d 437, 439 (7th Cir. 2002) (quoting Fed. R. Civ. P. 8(a)(2)). The court accepts all well-pleaded facts alleged and draws all possible inferences in the plaintiff's favor. <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1081 (7th Cir. 2008).

The complaint must put forth plausible grounds to demonstrate a claim for relief. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). A plausible claim is one from which the court is able to draw reasonable inferences that the defendant is liable for the misconduct alleged. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009). Additionally, the complaint must raise a reasonable expectation that discovery will reveal evidence of liability. <u>Id.</u> at 663; <u>Twombly</u>, 550 U.S. at 545. A complaint merely reciting a cause of action or conclusory legal statements without support is insufficient. <u>Iqbal</u>, 556 U.S. at 663.

### III.  FACTS

The following facts are alleged in Plaintiff Bargo's Complaint (d/e 1) and are accepted as true at the motion to dismiss stage. Bible v. United Student Aid Funds, Inc., 799 F.3d 633, 639 (7th Cir. 2015).

Section 1-15 of the Illinois Reproductive Health Act states

(a) Every individual has a fundamental right to make autonomous decisions about the individual's own reproductive health, including the fundamental right to use or refuse reproductive health care.
(b) Every individual who becomes pregnant has a fundamental right to continue the pregnancy and give birth or to have an abortion, and to make autonomous decisions about how to exercise that right.
(c) A fertilized egg, embryo, or fetus does not have independent rights under the laws of this State.

775 ILCS 55/1-15.

Plaintiff asserts that Section 1-15 denies an entire class of persons, that is, fathers involved in a pregnancy, from an "interest in the life of the child they conceived[.]"  d/e 1, ¶ 38. Specifically, Plaintiff states that the Illinois Reproductive Health Act violates "his parental rights to his child's life based on his DNA contribution to the life of his child." Id. at ¶ 41.  Plaintiff asks the Court to declare Section 1-15 of the Illinois

Reproductive Health Act unconstitutional, enjoin the state of Illinois from enforcing the Act, and direct the Illinois State Legislature to amend the Act and provide that "a pregnant female may, upon her own volition, request financial support from Bargo and other similarly situated father[s] for medical expenses incurred during pregnancy, birth expenses, and grant the father involved sole custody of the child upon giving birth[.]" d/e 1, ¶¶ 45–46.

## IV.   ANALYSIS

**A. Plaintiff Fails to Establish Article III Standing.**

Defendants argue that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing and lack of subject matter jurisdiction.  d/e 16, pp. 2–5.  Article III of the Constitution grants federal courts the power to resolve "Cases" and "Controversies."  U.S. Const. art. III, § 2.  To sue in federal court, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).  The test for injury in fact asks whether the plaintiff has

"suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 339.

Plaintiff lacks Article III standing. Although Plaintiff claims that "his DNA gives him equal status and therefore standing to preserve the life of his child," he lacks injury in fact. d/e 1, ¶ 43. Plaintiff does not allege that he is an expectant father nor does he identify an individual intending to make a pregnancy-related decision contrary to his interests.

Furthermore, Plaintiff fails to establish a pre-enforcement challenge. A pre-enforcement challenge seeks standing by establishing a sufficient threat of an imminent future injury rather than a past injury. See Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158–59 (2014). To establish a pre-enforcement challenge, a plaintiff must allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute," and "a credible threat of prosecution

thereunder." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (2010).

Plaintiff has not established a credible threat of prosecution under the Illinois Reproductive Health Act. Only state actors and government entities may be subject to civil lawsuit for violations of the Act. See 775 ILCS 55/1-20(b) ("Any party aggrieved by conduct or regulation in violation of this Act may bring a civil lawsuit, in a federal district court or State circuit court, against the offending unit of government . . ."). While Plaintiff alleges that his "DNA bestows a conditional '[c]onstitutional right' to him", Plaintiff has failed to allege that the Act imposes a credible threat of prosecution against him. d/e 18, p. 2. As a result, Plaintiff lacks Article III standing and Defendants' motion to dismiss under Rule 12(b)(1) is granted.

### B. Defendants Are Not the Proper Parties to this Action.

Defendants also argue that Plaintiff's claims should be dismissed because Defendants have Eleventh Amendment sovereign

immunity and because they are not the proper parties to this suit. d/e 16, pp. 5–7.

The Eleventh Amendment provides, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. In other words, the Eleventh Amendment limits an action in federal court against a state, its agencies, or its officials in their official capacity. MCI Telecomms. Corp. v. Ill. Bell Tel. Co., 222 F.3d 323, 336 (7th Cir. 2000). Relevant here, the immunity "bars federal jurisdiction over suits against state officials acting in their official capacities when the state is the real party in interest." MCI Telecomms., 222 F.3d at 337. However, sovereign immunity is not absolute: a state may waive its immunity, Congress may exercise its power under the Fourteenth Amendment and authorize private suits against unconsenting states, and the Ex Parte Young doctrine allows

private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law. Id.

For the Ex Parte Young exception to apply, the official sued must have "some connection" with the enforcement of the challenged act, "or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." 209 U.S. 123, 157, 401 (1908) (the defendant must be "specially charged with the duty to enforce the statute"); see also Hearne v. Bd. of Educ. of City of Chicago, 185 F.3d 770, 777 (7th Cir. 1999) (holding that plaintiff challenging the constitutionality of state statutes had failed to state a viable claim against the governor who "had no role to play in the enforcement of the challenged statutes" and did not have "the power to nullify legislation once it ha[d] entered into force"). Even liberally construing Plaintiff's Complaint, as the Court must do, Plaintiff has failed to allege a meaningful connection between Defendants' actions and the violation of Plaintiff's equal protection and due process rights. Plaintiff's Complaint fails to allege what specific involvement Defendants will have in the future enforcement of the Act. In fact, Defendants play no role in the enforcement of the Act. As a result,

Defendants have Eleventh Amendment immunity that bars the Plaintiff's action for prospective injunctive relief against them. Moreover, Defendants are not the proper parties to this litigation. Defendants, in their official capacities, play no role in the enforcement of the Illinois Reproductive Health Act. As a result, Defendants are improper parties to the instant action. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims against Defendants in their official capacities.

Although the Court has the discretion to permit Plaintiff to file an amended complaint, here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1025 (7th Cir. 2013); see also Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008)). Furthermore, because the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction, the Rule 12(b)(6) defenses are

moot and need not be addressed.  Rizzi, 11 F. Supp. 2d at 995. Accordingly, Plaintiff's Complaint (d/e 1) is dismissed with prejudice for lack of subject matter jurisdiction.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (d/e 16) is GRANTED.  Plaintiff's Complaint (d/e 1) is DISMISSED WITH PREJUDICE in its entirety for lack of subject matter jurisdiction.  Because amendment would be futile, leave to file an amended complaint is not granted.  The Clerk is DIRECTED to close this case and enter judgment.  All pending motions are DENIED AS MOOT.

**ENTERED:  June 6, 2024.**

**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**